IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CR-00001-FL-1
No. 4:14-CV-00048-FL

| | |
|---|---|
| DEANDRE DEVON LANGLEY, ) | |
| ) | |
| Petitioner, ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the motion of Deandre Devon Langley ("Petitioner") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-46] and the Government's motion to dismiss [DE-50]. Petitioner has filed a response in opposition to the Government's motion [DE-53]. All briefing is now complete, and the motions are ripe for review. The motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the Government's motion to dismiss [DE-50] be allowed and Petitioner's motion [DE-46] be denied.

## I. BACKGROUND

On January 10, 2012, Petitioner was charged in a nine-count indictment with possession with the intent to distribute a quantity of marijuana, Count One; distribution of a quantity of cocaine base (crack), Counts Two through Four, Six and Eight; possession with the intent to distribute a quantity of cocaine base (crack), Count Five (all in violation of 21 U.S.C. § 841(a)(1)); and aiding and abetting distribution of a quantity of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Counts Seven and Nine. [DE-1]. On March 12, 2012, Petitioner pleaded guilty

pursuant to a plea agreement to Count Six of the indictment, distribution of a quantity of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). [DE-33, -35]. The plea agreement provided in relevant part that Petitioner agreed to

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Mem. of Plea Agreement [DE-35] ¶ 2(c). On July 12, 2012, the court sentenced Petitioner to a term of 135 months' imprisonment and three years' supervised release, and the court entered the judgment on July 23, 2012. [DE-41, -43]. Petitioner did not appeal his conviction or sentence.

On March 27, 2014, Petitioner filed *pro se* the instant motion to vacate pursuant to § 2255. [DE-46]. Petitioner claims that (1) his counsel failed to file an appeal as directed, and (2) the Government withheld discovery material and his counsel failed to pursue discovery. Pet'r's Mem. [DE-46-1] at 3-12.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616

2

n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (internal quotation marks omitted)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**B.     28 U.S.C. § 2255**

After conviction and exhaustion or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum

3

authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). Where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (unpublished) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

### III. DISCUSSION

Petitioner asserts claims of ineffective assistance of counsel and prosecutorial misconduct: he first contends that counsel failed to file an appeal as directed, and second contends that the Government withheld discovery material and his counsel failed to pursue discovery. Pet'r's Mem. [DE-46-1] at 3-12. The Government contends that dismissal is warranted because Petitioner's claim is untimely with no basis to apply equitable tolling. Gov't's Mot. [DE-50] at 2-3. The undersigned concludes that Petitioner's claim should be dismissed as it was untimely filed, and Petitioner has failed to plead facts that would support application of equitable tolling or the actual innocence exception.

**A.    Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2255 claims

4

are subject to a one-year statute of limitations, which runs from the latest of the following:

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner's § 2255 motion was not filed within one year of any of the circumstances set forth in § 2255(f).

Petitioner filed his § 2255 motion on March 27, 2014, more than 19 months after his judgment became final on August 6, 2012. [DE-43, -46]. Consequently, his motion is not timely under 28 U.S.C. § 2255(f)(1). Additionally, Petitioner alleges no facts to support a finding that the government impeded Petitioner's ability to file his motion, *id.* § 2255(f)(2), that his motion is based upon a newly recognized right made retroactively applicable by the Supreme Court, *id.* § 2255(f)(3), or that Petitioner's claims are based on newly discovered facts, *id.* § 2255(f)(4). In his response to the Government's motion to dismiss, Petitioner makes reference to unsettled Fourth Circuit law regarding discovery violations as a justification for his untimely filing. Pet'r's Resp. [DE-53] at 4. However, to the extent Petitioner attempts to argue that the existence of unsettled Fourth Circuit case law satisfies either § 2255(f)(3) or § 2255(f)(4), such arguments lack merit. *See Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) ("Decisions that change the legal significance of certain facts without modifying them do not qualify under (f)(4)[;]" and "'[The specific criteria

5

enumerated in (f)(3) for tolling the limitations period] impliedly reject[ ] the notion that ... decisions taken from the courts of appeal ... could trigger any of the limitations periods enumerated under § 2255.'") (citation omitted). Accordingly, Petitioner's claims were filed after the one-year statute of limitations had run and his motion is untimely.

**B.     Equitable Tolling**

Petitioner argues in his response to the Government's motion to dismiss that his claims are subject to equitable tolling. Pet'r's Resp. [DE-53] at 1-7. Petitioner specifically contends that he has demonstrated the requisite diligence because he believed his direct appeal was pending during the one-year filing period and that extraordinary circumstances exist because the discovery alleged to have been withheld would have exonerated Petitioner on direct appeal. *Id.* at 2-4. The Supreme Court has held that a petitioner is entitled to equitable tolling of the statutory limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Fourth Circuit has determined that "to be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citation and internal quotation marks omitted).

Taking as true Petitioner's allegation that he directed his counsel to file an appeal and that Petitioner believed his appeal was pending until sometime after the one-year statute of limitations had run, these allegations fail to demonstrate the requisite diligence to justify equitable tolling. This court has determined under similar circumstances that "had petitioner exercised due diligence, he would have discovered well before expiration of the one-year deadline that his counsel had not filed

6

the notice of appeal." *See McNatt v. United States*, No. 5:08-CR-00359-FL, 2014 WL 70077, at *2 (E.D.N.C. Jan. 9, 2014) (unpublished) (finding allegations that petitioner instructed his counsel to file an appeal, his counsel told him the appeals process would take up to two years to complete, and petitioner attempted to contact his attorney several times to request information about he status of the appeal were insufficient to justify equitable tolling) (citing *Reeves v. United States*, No. 5:09-CR-204-FL, 2012 WL 1978290, at *2 (E.D.N.C. June 1, 2012) (unpublished)), *appeal dismissed*, 569 F. App'x 160 (4th Cir. 2014). Here, Petitioner makes no allegation that during the 19-month period between the entry of judgment in his case and the filing of his § 2255 motion he made any attempts to contact his counsel or the court regarding the status of the appeal he believed to be pending. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 818-19 (8th Cir. 2008) (finding counsel's alleged failure to file an appeal did not justify equitable tolling where the defendant did not demonstrate any effort to check on the status of his appeal). The diligent pursuit of Petitioner's rights would have led him to discover that no appeal had been filed prior to the expiration of the one-year statute of limitations. Moreover, to the extent Petitioner's request for equitable tolling is based on the unsettled Fourth Circuit law referenced in his response to the Government's motion to dismiss, Pet'r's Resp. [DE-53] at 4, the Fourth Circuit has rejected this argument. *See Whiteside*, 775 F.3d at 186 ("Equitable tolling thus may not be applied where, as here, the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success."). Accordingly, equitable tolling does not apply to save Petitioner's untimely claim.

## C. Actual Innocence

Finally, Petitioner argues in response to the motion to dismiss that the court should allow his motion to go forward because he is actually innocent. Pet'r's Resp. [DE-53] at 5-7. Petitioner relies

7

on the case of *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1935 (2013), in which the Supreme Court recognized an actual innocence exception to AEDPA's one-year statute of limitations. In order to utilize the "actual-innocence gateway," the petitioner must demonstrate that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The *Schlup* standard is "demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation and internal quotation marks omitted). Thus, "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S. Ct. at 1928.

Here, Petitioner asserts that discovery withheld by the Government and not pursued by Petitioner's counsel would "prove his innocence on direct appeal." Pet'r's Resp. [DE-53] at 4. Petitioner makes no allegations whatsoever regarding the substance of this discovery and how it might prove his innocence. This court has previously determined that such conclusory allegations are insufficient to allow a petitioner's claims to proceed through the actual-innocence gateway. *See West v. Joyner*, No. 5:13-HC-2191-FL, 2014 WL 5810361, at *3 (E.D.N.C. Nov. 7, 2014) (unpublished) (finding vague and conclusory allegations failed to justify application of actual innocence exception), *appeal dismissed*, 2015 WL 1773898 (4th Cir. Apr. 20, 2015); *Allen v. Dail*, No. 5:13-HC-2068-FL, 2014 WL 1117928, at *6 (E.D.N.C. Mar. 20, 2014) (unpublished) (declining to apply actual innocence exception where petitioner failed to "set forth any new or reliable evidence establishing his actual innocence."). Moreover, Petitioner's claim of actual innocence is suspect at

8

Case 4:12-cr-00001-FL   Document 56   Filed 04/29/15   Page 8 of 9

best in light of his guilty plea. *See Smith v. United States*, No. 7:10-CR-20-FL, 2014 WL 4199250, at *3 (E.D.N.C. Aug. 22, 2014) (unpublished) (declining to apply actual innocence exception to statute of limitations where petitioner failed to allege facts meeting the actual innocence standard and his assertion of innocence was "belied by petitioner's own guilty plea to the offense"). Accordingly, the actual innocence exception does not apply to save Petitioner's untimely claim.

## IV. CONCLUSION

Based upon the foregoing, it is RECOMMENDED that the Government's motion to dismiss [DE-50] be ALLOWED and Petitioner's motion [DE-46] be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, this the 29 day of April 2015.

Robert B. Jones, Jr.
United States Magistrate Judge